**KOLLER LAW LLC**
David M. Koller, Esq. (90119)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KRISTINA WASHINGTON,** | : | **Civil Action No.** |
| **2058 Maple Avenue, Apartment AK1-11** | : | |
| **Hatfield, PA 19440** | : | |
|     **Plaintiff,** | : | |
| | : | |
|   **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **HEALTHCARE STRATEGIES, INC.,** | : | |
| **3031 B Walton Road** | : | |
| **Plymouth Meeting, PA 19462** | : | |
|     **Defendant.** | : | |

## CIVIL ACTION

Plaintiff, Kristina Washington (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Healthcare Strategies, Inc. (hereinafter "Defendant"), for violations of the Americans with Disabilities Act of 1990 ("ADA"), as amended, and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Healthcare Strategies, Inc. is a third-party administrator of employee benefit trust funds with a location and corporate headquarters located at 3031 B Walton Road, Plymouth Meeting, PA 19462.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because some of the Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under the ADA and the PHRA.

13. Plaintiff timely filed a Complaint of Discrimination ("Complaint") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging disability discrimination and retaliation against Defendant.

14. The Complaint was assigned a Charge Number of 530-2020-03160 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated May 11, 2021. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. On January 7, 2019, Plaintiff began working for Defendant in the position of Pension Analyst through a staffing agency.

21. Plaintiff was well qualified for her position and performed well.

22. On May 1, 2019, Defendant hired Plaintiff as a full-time employee in the position of Pension Analyst.

23. On January 6 and 7, 2020, Plaintiff called out of work due to her disability, Major Depressive Disorder.

24. The major life activities affected by Major Depressive Disorder, include, but are not limited to, caring for oneself, eating, sleeping, concentrating and working.

25. Plaintiff returned to work on January 8, 2020.

26. The next day on January 9, 2020, Plaintiff was examined by Dr. Michael J. Barmach, Primary Care Physician, who excused Plaintiff's absences on January 6 and 7.

27. In addition, Dr. Barmach placed Plaintiff on a medical leave of absence due to her Major Depressive Disorder until February 3, 2020.

28. That same day, Plaintiff went to Respondent and gave Dr. Barmach's note excusing her absences and placing her on a medical leave of absence to Lisa Reardon, Disability Coordinator.

29. Ms. Reardon gave Plaintiff a form to complete and to submit to MHC, Defendant's third-party leave administrator.

30. Plaintiff followed Ms. Reardon's instructions and submitted it that day.

31. The following week, MHC approved Plaintiff's medical leave of absence.

32. On January 25, 2020, Plaintiff was examined by Dr. Barmuch who extended her medical leave of absence until February 17, 2020.

33. Plaintiff was set to return to work on February 18, 2020.

34. Dr. Barmach's office sent Plaintiff's leave extension request to MHC.

35. On February 7, 2020, Tish Burkholz, Participant Services Manager, emailed Plaintiff a termination letter signed by Regina Reardon, President, for alleged job abandonment.

36. Plaintiff immediately contacted Ms. Burkholz by email, text message and phone call, but she did not respond to Plaintiff.

37. On February 10, 2020, Plaintiff contacted Mary LNU, Union Representative, about her termination.

38. Mary informed Plaintiff that she would speak with Ms. Burkholz about it.

39. The next day, February 11, 2020, Mary called Plaintiff and informed her that Defendant alleged it made an error with her termination and that Defendant would call her later that day.

40. However, no one from Defendant called Plaintiff.

41. On February 14, 2020, Ms. Burkhoz emailed Plaintiff a letter stating that Defendant received notice of her leave extension and that her termination was in error.

42. On February 18, 2020, Plaintiff returned to work at Defendant as per Dr. Barmach's instructions.

43. Upon Plaintiff's arrival, Plaintiff met with Ms. Burkholz, Ms. Reardon, President, and Kristin Janfrancisco, Shop Stewardess, who proceeded to terminate Plaintiff for allegedly leaving work on her desk behind her medical leave.

44. It is Plaintiff's position that she was discrimination against due to her disability and retaliated against for requesting a reasonable accommodation in the form of a medical leave of absence in violation of the ADA.

5

## COUNT I – DISABILITY DISCRIMINATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

45. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

46. Plaintiff is a "qualified individual with a disability" as that term is define under the ADA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

47. Plaintiff was qualified to perform the job.

48. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

49. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

50. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

51. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

52. The purported reason for Defendant's decision is pretextual.

53. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

54. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

55. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – DISABILITY DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

56. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

57. Plaintiff is a "qualified individual with a disability" as that term is define under the PHRA because Plaintiff has, or had at all time relevant hereto, a disability that substantially limits or limited one or more major life activities or because Plaintiff had a record of such an impairment or because Plaintiff was regarded as and/or perceived by Defendant and its agents as being disabled.

58. Plaintiff was qualified to perform the job.

59. Plaintiff was subject to an adverse employment action, including, but not limited to termination.

60. Circumstances indicated that Plaintiff's disabilities were the reason for the adverse employment action.

61. Defendant did not have a legitimate non-discriminatory reason for terminating Plaintiff.

62. Plaintiff's disabilities motivated Defendant's decision to terminate Plaintiff.

63. The purported reason for Defendant's decision is pretextual.

64. Others similarly situated but outside of Plaintiff's protected class were treated more favorably.

65. The above actions by Defendant also constitute a failure to accommodate and a failure to engage in the required interactive process.

66. As a result of Defendant's unlawful disability discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – RETALIATION
## AMERICANS WITH DISABILITIES ACT OF 1990, AS AMENDED

67. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

68. Plaintiff engaged in activity protected by ADA when she requested reasonable accommodations.

69. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

70. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT IV – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

71. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

72. Plaintiff engaged in activity protected by the PHRA when she requested reasonable accommodations.

73. Thereafter, Defendant took adverse employment actions against Plaintiff, including, but not limited to, termination.

74. There exists a causal connection between Plaintiff's participation of the protected activity and the adverse employment action.

   **WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Kristina Washington, requests that the Court grant her the following relief against Defendant:

(a)     Compensatory damages;

(b)     Punitive damages;

(c)     Liquidated damages;

(d)     Emotional pain and suffering;

(e)     Reasonable attorneys' fees;

(f)     Recoverable costs;

(g)     Pre and post judgment interest;

(h)     An allowance to compensate for negative tax consequences;

(i)     A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the ADA and the PHRA.

(j)     Order Defendant to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)     Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)     Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

# CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy

is not the subject of any other action pending in any court or of a pending arbitration proceeding,

nor at the present time is any other action or arbitration proceeding contemplated.


**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**


Date: August 9, 2021                    **By:**  */s/ David M. Koller*
                                        David M. Koller, Esquire (90119)
                                        2043 Locust Street, Suite 1B
                                        Philadelphia, PA 19103
                                        215-545-8917
                                        davidk@kollerlawfirm.com

                                        *Counsel for Plaintiff*